51 F.3d 282
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gloria Gladys RIVERA-CASTRO, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent,
 No. 93-70650.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1995.*
Decided March 24, 1995.
 
 Before: TROTT, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rivera-Castro petitions for review, challenging the Board of Immigration Appeals' affirmance of the immigration judge's determination to deny her request for asylum pursuant to 8 U.S.C. Sec. 1158(a) and withholding of deportation under 8 U.S.C. Sec. 1253(h). We have jurisdiction provided by 8 U.S.C. Sec. 1105(a). We deny the petition.
 
 
 3
 In order to qualify for asylum, an alien must be classified as a refugee within the meaning of section 101(a)(42)(A) of the Immigration and Nationality Act. 8 U.S.C. Sec. 1158(a). Under section 101(a)(42)(A), in order to be classified as a refugee, one must have been subject to "persecution or [have] a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." 8 U.S.C. Sec. 1101(a)(42)(A).
 
 
 4
 In her testimony, Rivera-Castro specifically stated that her husband was not beaten because of religion, race, nationality, or membership in a particular social group. Her testimony eliminated all but one of the statutory grounds for qualification as a refugee. Therefore, in order to be classified as a refugee, she must show that her persecution or well-founded fear of persecution was based on political opinion, of herself or her husband.
 
 
 5
 The Supreme Court, in INS v. Elias-Zacarias, 502 U.S. 478, 117 L.Ed.2d 38 (1992), has addressed the issue of whether the refusal to join a rebel group would constitute "persecution on account of political opinion" within the meaning of the asylum statute. The Supreme Court held that an alien must show a political opinion and that the persecution or well-founded fear of persecution must be "because of that political opinion, rather than because of his refusal to fight with [the guerrillas]." Id. at 483. The Court stated that "[e]ven a person who supports a guerrilla movement might resist recruitment for a variety of reasons--fear of combat, a desire to remain with one's family and friends, a desire to earn a better living in civilian life, to mention only a few." Id. at 482. Elias-Zacarias clearly rejects the notion that the mere refusal to join rebel forces is an expression of political opinion.
 
 
 6
 Her fears resulting from the beating of her husband for his refusal to join the rebels and her reporting of that beating were the only bases offered for her fear of persecution. Rivera-Castro has failed to demonstrate that the Attorney General abused her discretion in denying the application for asylum.
 
 
 7
 Because the burden of proof is higher for demonstrating a right to withholding of deportation than for demonstrating a right to asylum, Rivera-Castro's withholding claim necessarily fails. See Acewicz v. INS, 984 F.2d 1056, 1062 (9th Cir.1993).
 
 
 8
 Petition for review DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3